UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-425-SPM |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Acting Commissioner Kilolo Kijakazi's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 17). The time for Plaintiff to respond has expired. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). (Doc. 7).

On April 4, 2023, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). The Commissioner filed the transcript of the administrative proceedings on July 25, 2023. (Doc. 13). Plaintiff filed a brief in support of the complaint on August 22, 2023. (Doc. 14).

On October 16, 2023, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without

1

- 2 -

remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in this motion that upon review of the record, agency counsel determined that remand was necessary for further evaluation of Plaintiff's claim. The Commissioner states:

> On remand, the Agency will remand the case to an administrative law judge (ALJ) to: (1) Pose questions to a vocational expert that accurately describe the limitations and exertional level set forth in the residual functional capacity (RFC) finding; (2) Elicit testimony from a vocational expert regarding the transferability of work skills, if any, from Plaintiff's past relevant work and evaluate his ability to perform other work under the medical-vocational guidelines; and (3) Offer Plaintiff the opportunity for a hearing, take further action to complete the administrative record resolving the above issues, and issue a new decision.

Def.'s Mot., Doc. 17, at pp. 1-2.

After review, and in light of the lack of opposition from Plaintiff, the Court agrees with the Commissioner that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand (Doc. 17) is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2023.